**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ELISTHENE PETIT KAT,

Petitioner,

v.

MATTHEW PUTRA, *in his official capacity as Acting Field Office Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement*, et al.

Respondents.

Case No. 1:26-CV-971

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on Petitioner Elisthene Petit Kat's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondents have filed a return and response in opposition, (Doc. 6).

As it has been in the past, the Court is puzzled by Respondents' insistence that mandatory detention without bond is required here by 8 U.S.C. § 1225(b)(2)(A). The Sixth Circuit's opinion in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), unquestionably affirms the Court's prior holding that "detention under § 1226(a) attaches where DHS encounters a noncitizen within the interior after admission or after a substantial period of continuous presence, whereas § 1225(b) applies only where the individual encountered is 'seeking admission' at the border or its functional equivalents." *Ortiz Gutierrez v. Raycraft*, 821 F.Supp.3d 934, 939 (S.D. Ohio 2026) (internal quotation and citation omitted); *cf. Qasemi v. Francis*, No. 25-CV-10029,

2025 U.S. Dist. LEXIS 261199, at *29-30 (N.D.N.Y. Dec. 17., 2025) ("Section 1182(d)(5)(A) . . . does *not* state that a noncitizen is returned to the 'status' they held upon their parole, that they revert to status as an 'arriving alien,' or that they must be detained."). And the facts of this case do not distinguish it from the Court's prior immigration detention cases to the extent that a different outcome is warranted.[1]

Because Petitioner was inspected at the border and paroled into the interior of the country, he cannot now be an "arriving alien" who is "seeking admission," such that he must be subjected to mandatory detention under Respondents' interpretation of § 1225(b). *Lopez-Campos*, 175 F.4th at 729 ("So a noncitizen who seeks such immigration relief is not 'seeking admission' under § 1225(b)(2)(A)."). Put another way, Respondents urge the Court to employ a reasoning that "produces an unjust and counterintuitive result," and is "absurd in the facts and circumstances of this case." *Walizada v. Trump*, No. 2:23-CV-768, 2025 U.S. Dist. LEXIS 256630, at *38-39 (D. Vt. Dec. 11, 2025); *see also Araque-Marquez v. Olson*, No. 26-84-DLB, 2026 U.S. Dist. LEXIS 64037, at *5 (E.D. Ky. Mar. 26, 2026) (collecting cases). Therefore, Petitioner falls under § 1226(a).

For the same reasons that the Court has propounded numerous times in substantially similar cases, Petitioner's detention under the circumstances stands in direct violation of his due process rights. *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 933 (S.D. Ohio 2026); *see Mathews v. Eldridge*, 424 U.S. 319 (1976). Accordingly, **IT IS**

---

[1] To the extent Respondents argue that judges of this Court have "reached differing conclusions on these issues," the undersigned points out, not for the first time, that their argument is disingenuous. Respondents again cite an opinion issued months prior to *Lopez-Campos*, which has no bearing or persuasive effect here. (Doc. 6, PageID 69).

**ORDERED** that, on or before October 7, 2026, at 5:00 p.m. EDT, Respondents **shall** either release Petitioner from custody *or* provide Petitioner with a constitutionally adequate bond hearing before an IJ. In the event of the latter:

**(1)** Respondents **shall** provide a copy of this order to the IJ prior to any hearing;
**(2)** the IJ **shall** have jurisdiction over the matter and be empowered to grant release. *See Lopez-Campos*, 175 F.4th at 734-35;
**(3)** Respondents **shall** *bear the burden of persuasion* of justifying Petitioner's continued detention by adducing *clear and convincing evidence* on the record that Petitioner is either a flight risk or a danger to the community;
**(4)** the IJ **shall** consider the evidence submitted by Petitioner, carefully weigh the nine relevant factors from *Matter of Guerra*, 24 I.&N. Dec. 37, 50 (B.I.A. 2006), and clearly explain all legal and factual conclusions; and
**(5)** the IJ **shall** meaningfully consider, *and explain*, the suitability of less restrictive alternatives to detention (such as release on recognizance), or if setting a monetary bond, Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at *20 (S.D.N.Y. Oct. 16, 2025).

**IT IS FURTHER ORDERED** that Respondents **shall** file a status report on or before October 9, 2026, to certify compliance with the Court's ruling. The certification shall note whether and when a bond hearing was held, whether bond was granted or denied, and the reasons therefore.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge